# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00617-CR

**Ygnacio Romero, Appellant**

**v.**

**The State of Texas**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 002505, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

Ygnacio Romero appeals his conviction for felony assault–family violence. *See* Tex. Pen. Code Ann. § 22.01(b)(2) (West 1994 & Supp. 2001). Romero was tried before a jury and sentenced to confinement in a state jail facility for two years and assessed a fine of $10,000. In this appeal, he alleges that the trial court erred by submitting to the jury an improper definition of "family." We conclude that Romero did not preserve the alleged error and that the trial court's definition of "family" was not erroneous, and therefore affirm the judgment of conviction.

## FACTS AND PROCEDURAL BACKGROUND

On the evening of August 14, 1999, a police officer pulled over a car driven by Romero after neighbors complained that he was repeatedly driving up and down the street and that a passenger in the car appeared to have been assaulted. A second officer arrived at the scene and observed that the passenger, Maria Gonzales, had swollen and bruised eyes, a fresh cut on the right side of her face, and bruises on the insides of her arms. Gonzales informed the officers that she was

Romero's common-law wife, and that it was not Romero who assaulted her, but a former boyfriend. Based on inconsistencies in Romero's and Gonzales's stories and the victim's behavior at the scene, the arresting officers believed that Romero committed the assault and arrested him. Later, Gonzales recanted her story and told law enforcement officials that it was Romero who had assaulted her. Gonzales testified at trial that Romero had threatened to kill her if she did not blame the former boyfriend for the assault.

Romero's two prior convictions for assault against Gonzales enhanced the August 14 assault charge to felony assault–family violence. *See id.* The trial record reflects no objections to the jury charge by Romero.

## DISCUSSION

Romero contends that the trial court committed fundamental error in submitting the following definition of "family" to the jury: "'Family' includes a spouse or individuals who are former spouses of each other, whether or not those individuals reside together." Article 36.19 of the Code of Criminal Procedure contains the standards for both fundamental error and ordinary reversible error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than *some* harm must result from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Id.* On the other hand, if no proper objection was made at the trial, the defendant must claim that the error was "fundamental," and the judgment will be reversed only if the error is so egregious and created such

2

harm that the defendant "has not had a fair and impartial trial." *Id.* In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

Because Romero did not object to the definition of "family" in the jury charge during the trial, the issue was not preserved. Even if we were to conclude that the jury charge was erroneous, we may not reverse unless the error caused egregious harm. *See id.* at 171. The court of criminal appeals has determined that neither harm standard set out in article 36.19 of the Code of Criminal Procedure, as construed by *Almanza,* applies unless an appellate court first finds error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (referencing *Almanza*, 686 S.W.2d at 174). Thus, the issue before us is whether the definition of "family" submitted in the jury charge was erroneous.

The Penal Code directs us to section 71.003 of the Family Code for the controlling definition of "family." Tex. Pen. Code Ann. § 22.01(e)(1) (West Supp. 2001).

> "Family" includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code, individuals who are former spouses of each other, individuals who are the biological parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together.

Tex. Fam. Code Ann. § 71.003 (West Supp. 2001). There was no evidence in this case to indicate that Romero and Gonzales were biological parents of the same child, foster child and foster parent, or related by blood, so the portions of the Penal Code definition addressing those possibilities were omitted from the jury charge. The substitution of "spouse" for "individuals related by affinity" is not

3

significant under Government Code section 573.024(a)(1), because that section states that "[t]wo individuals are related to each other by affinity if . . . they are married to each other." Tex. Gov't Code Ann. § 573.024(a)(1) (West Supp. 2001). Thus, the definition of "family" submitted to the jury was narrower than the definition required by the Penal Code, and not broader, as Romero argues, because all portions of the definition not relevant to the facts in this case were omitted. The definition submitted to the jury by the trial court is not meaningfully different from the definition in the Penal Code, but is tailored to address only the evidence presented in this case. The submission of this definition to the jury does not constitute error, so we need not address the issue of whether or not there has been egregious harm to the defendant.

## CONCLUSION

We hold that Romero failed to preserve the issue of the definition of "family" submitted in the jury charge, and that the definition submitted was not erroneous. Accordingly, we overrule Romero's point of error and affirm the trial court's judgment of conviction.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 7, 2001

Do Not Publish

4